**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIO CESAR MENDOZA FAUDOA,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, et al.,<br><br>Respondents. | Case No. EDCV 26-1787-PVC<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PETITION AND ORDERING IMMEDIATE RELEASE** |

On April 10, 2026, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking an order requiring Respondents to immediately release him from immigration detention, or in the alternative, to provide Petitioner with a custody redetermination hearing within 48 hours before an Immigration Judge; preventing Respondents from arresting, re-arresting, or otherwise detaining Petitioner under 8 U.S.C. § 1226 absent compliance with constitutional protections; permanently enjoining Respondents from arresting, re-arresting, or otherwise detaining Petitioner under any provision of the INA while he remains in lawful deferred action status; and awarding Petitioner attorneys fees and costs under the Equal Access to Justice Act. (Dkt. No. 1 at 43-44). On April 17, 2026, Respondents responded to the Petition for Writ of Habeas Corpus, stating that they "are not presenting an opposition argument to the Petition."

(Dkt. No. 12 at 2).  Because Respondents do not oppose the Petition, its merits are conceded.  *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); *see also* C.D. Cal. L.R. 7-9 (setting forth the requirements of opposition brief or statement of non-opposition).

Accordingly, the Court **GRANTS** the Petition, and Respondents are **ORDERED** to:

1) Release Petitioner from custody immediately;

2) Not re-detain Petitioner under 8 U.S.C. § 1226 absent compliance with constitutional protections, which include at a minimum pre-deprivation notice of at least 10 days before a pre-deprivation hearing, at which time the Government shall bear the burden of justifying by clear and convincing evidence that Petitioner poses a flight risk or danger to the community if not detained;

3) Not re-detain Petitioner under any provision of the INA while he remains in lawful deferred action status; and

4) File a notice of compliance no later than **April 29, 2026.**

The matter is deemed closed.  The Court **ORDERS** the Clerk to vacate any pending dates and to close the case.  Judgment is **ENTERED** in favor of Petitioner.

As to Petitioner's request for an award of attorney's fees and costs, the Court will consider an application under the Equal Access to Justice Act requesting costs and reasonable attorney's fees that is filed within 30 days of entry of final judgment in this action.  *See Rahimi v. Semaia*, 2026 WL 246066, at *3 (C.D. Cal. Jan. 27, 2026) ("The

Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action.").

IT IS SO ORDERED.

Dated: April 27, 2026

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

3